# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GERALDINE MACKEY,

      Plaintiff,

v.

Case No. 11-11279
Hon. Gerald E. Rosen

J.P. MORGAN CHASE BANK, N.A. and
CINTAS CORPORATION,

      Defendants.

_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     July 6, 2011    

PRESENT:   Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Geraldine Mackey commenced this action in state court on January 26, 2011, asserting state-law tort claims against Defendants J.P. Morgan Chase Bank, N.A. and Cintas Corporation arising from injuries allegedly sustained by Plaintiff when she tripped and fell at a Chase Bank branch office in Livonia, Michigan. Defendant Cintas removed the case to this Court on March 30, 2011, citing the parties' diverse citizenship. *See* 28 U.S.C. §§ 1441(a), 1332(a).

On April 21, 2011, Defendant Chase filed a notice identifying non-party

Continental Interiors as "wholly or partially at fault for any of the damages claimed by Plaintiff in this matter." (4/21/2011 Notice of Non-Party at Fault at 2.)  In response to this notice, Plaintiff has filed a May 19, 2011 motion to remand this action to state court for lack of diversity.  In support of this motion, Plaintiff states her intention to file an amended complaint in which she would name Continental Interiors as an additional Defendant and assert a claim of negligence against this newly-joined party.[1]  Because Continental Interiors evidently is a Michigan corporation with its principal place of business in Michigan, and Plaintiff likewise is a Michigan resident, the joinder of Continental Interiors as a party would defeat the requisite complete diversity of citizenship among the parties and destroy this Court's subject matter jurisdiction, thereby necessitating a remand under 28 U.S.C. § 1447(e).

The removing Defendant, Cintas, has filed a response in opposition to Plaintiff's motion.[2]  Having reviewed the parties' briefs in support of and opposition to Plaintiff's motion, as well as the remainder of the record, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process.  Accordingly, the Court will

---

[1] Before bringing the present motion, Plaintiff actually filed such an amended complaint naming Continental Interiors as an additional Defendant.  By order dated May 19, 2011, however, the Court struck this amended pleading, and instead instructed Plaintiff to proceed via a motion seeking leave of the Court to join this additional party.  The same day this order was issued, Plaintiff filed the present motion.

[2] Defendant Chase has not filed a response to Plaintiff's motion.  Neither has Continental Interiors responded to Plaintiff's motion, despite being invited to do so in the Court's May 19 order.

decide Plaintiff's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that Plaintiff's request to join a non-diverse defendant should be granted, and that this case therefore must be remanded to state court.

## II. ANALYSIS

As observed in the Court's May 19, 2011 order, Plaintiff's request to add a non-diverse defendant and remand this case to state court is governed by 28 U.S.C. § 1447(e). Under this statutory provision, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In determining whether to permit or deny joinder of a non-diverse defendant under § 1447(e), the courts consider such factors as (i) the removing defendant's "interest in selecting a federal forum," (ii) the "extent to which the purpose of the amendment is to defeat jurisdiction," (iii) "whether the plaintiff was dilatory in seeking the amendment," (iv) "whether the plaintiff will be injured significantly if the amendment is not allowed," and (v) "any other factors bearing on the equities." *J. Lewis Cooper Co. v. Diageo North America, Inc.,* 370 F. Supp.2d 613, 618 (E.D. Mich. 2005); *see also Wells v. Certainteed Corp.,* 950 F. Supp. 200, 201 (E.D. Mich. 1997).[3]

---

[3]Unfortunately, Plaintiff's motion makes only passing reference to § 1447(e), and does not address the above-cited factors for determining whether to permit joinder under this statute. Rather, Plaintiff frames her request for joinder as governed largely by the standards of fraudulent joinder. *See Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).

Applying these factors here, the Court finds that Plaintiff should be permitted to join Continental Interiors as a non-diverse defendant.  First, while the removing party, Defendant Cintas, has an undeniable interest in remaining in its preferred federal forum, this consideration is offset by Plaintiff's "right to fashion [her] lawsuit, select [her] causes of action, and advance theories against the parties of [her] choosing."  *J. Lewis Cooper,* 370 F. Supp.2d at 618.  Cintas does not deny that it is appropriate for Plaintiff to pursue a recovery against Continental Interiors, now that co-Defendant Chase has identified this non-party as potentially liable for the injuries allegedly suffered by Plaintiff.  Moreover, Cintas itself does not envision a lengthy stay in the federal forum, but instead has already moved for an award of summary judgment which, if granted, would lead to its dismissal from this suit.  This pending motion, in turn, rests upon state-law grounds that the Michigan courts are fully capable of adjudicating.  Under these circumstances, it cannot be said that Cintas's preference for a federal forum weighs especially heavily against the joinder of a non-diverse party.

Nonetheless, Cintas suggests that Plaintiff is acting only — or at least primarily — to divest this Court of jurisdiction, rather than out of a legitimate desire to pursue a recovery against Continental Interiors.  As support for this assertion, Cintas points to its pending summary judgment motion, arguing that Plaintiff's present request for joinder

---

This doctrine, however, encompasses only some of the considerations that are relevant to the Court's § 1447(e) inquiry, leaving the Court largely to its own devices in assessing the remaining factors.

and remand is nothing more than a tactic to forestall an adverse ruling on this motion.[4] Yet, even if Plaintiff is successful in her effort to join a non-diverse party, she cannot altogether avoid a ruling on Cintas's motion, but instead would presumably face a similar challenge on remand to the state court. Moreover, because Cintas's motion rests upon principles of Michigan law as explicated in *Fultz v. Union-Commerce Associates,* 470 Mich. 460, 683 N.W.2d 587 (2004), and other state court decisions, and because the federal courts necessarily must look to these state court rulings in addressing questions of Michigan law, there is no particular reason to believe that Plaintiff stands to benefit from the resolution of Cintas's motion by a state court rather than this Court. Thus, the Court fails to see how Cintas's pending summary judgment motion provides an especially strong motive for Plaintiff to defeat federal court jurisdiction.

To the contrary, Plaintiff's effort to join Continental Interiors as a party appears to be entirely consistent with the claims she has pursued and the recovery she has sought from the outset of this litigation. In her initial complaint, Plaintiff alleged that she was injured when she tripped and fell over a rise in a cement floor that was concealed by a floor mat, and she asserted a claim of negligence against Defendant Cintas on the ground that a Cintas employee had placed this floor mat in an unsafe location and manner. Now, having learned through Defendant Chase's notice of non-party fault that Continental

---

[4]As Cintas observes, at the time Plaintiff filed her motion for remand, she had not yet responded to Cintas's summary judgment motion, and this response was overdue. Shortly after Plaintiff filed the present motion, however, she filed a response in opposition to Cintas's motion.

Interiors was responsible for removing and replacing the carpet at the Chase Bank branch in question, Plaintiff seeks to assert a negligence claim against this newly-identified party that rests upon the same theory of recovery as her existing claim against Cintas. Evidently, then, but for Plaintiff's lack of knowledge of the identities of all parties who were or might have been responsible for placing the carpet that allegedly caused or contributed to her injuries, Plaintiff likely would have named all such parties — both Cintas and Continental Interiors alike — as defendants in her initial complaint. The Court does not view these circumstances as particularly suggestive of a motive to defeat federal diversity jurisdiction. *Compare Wells,* 950 F. Supp. at 201 (declining to permit joinder of a non-diverse defendant whose identity and involvement in the plaintiff's allegedly wrongful termination were known to the plaintiff when she filed her initial complaint); *Collins v. National General Insurance Co.,* No. 10-13344, 2010 WL 4259949, at *2 (E.D. Mich. Oct. 25, 2010) (ruling against joinder where the plaintiff's initial complaint "involve[d] a simple contract dispute" but the proposed amended complaint "would involve two additional parties and claims founded entirely in tort law," so that joinder "would offer little advantage in judicial economy").

Neither can it be said that Plaintiff has been dilatory in seeking to join a non-diverse defendant. Nothing in the record indicates that Plaintiff was aware of the possible role of Continental Interiors in placing the carpet at the pertinent Chase Bank branch office before Defendant Chase filed its notice identifying this party as potentially at fault for Plaintiff's injuries. Within a few days after receiving this notice, Plaintiff

6

filed an amended complaint naming Continental Interiors as an additional defendant, followed by the present motion for joinder and remand filed the same day the Court entered its order striking the amended complaint. As Cintas recognizes in its response to Plaintiff's motion, this record does not evidence any appreciable delay in Plaintiff's effort to join a non-diverse party.

Next, Cintas contends that joinder is unnecessary because Plaintiff will be able to obtain complete relief by bringing a separate state court suit against Continental Interiors, while continuing to pursue her claims against Chase and Cintas before this Court. Yet, it is precisely this duplication of effort, additional cost to the parties, and waste of judicial resources that the rules of joinder are designed to prevent. Cintas fails to explain why Plaintiff's need to litigate simultaneously in two different forums would not qualify as a cognizable injury under the fourth factor of the § 1447(e) inquiry if her request for joinder were not granted. *See J. Lewis Cooper,* 370 F. Supp.2d at 619 (recognizing that the plaintiffs in that suit "could suffer prejudice if they are not permitted to proceed against all the members of the conspiracy in one forum").

Moreover, just as Cintas has advanced a state-law challenge to Plaintiff's claims in its pending summary judgment motion, Cintas recognizes that Continental Interiors is likely to pursue the very same challenge once it is named as a party, whether in this suit or in a separate state court action. Apart from the parties' interest in avoiding the additional costs and duplication of efforts entailed by litigating in two different forums,

the courts have a well-established interest in avoiding duplicative and potentially inconsistent rulings on a common issue of law. Indeed, this Court would be particularly hesitant to reach out and decide a question of Michigan law that is also being addressed in parallel state court litigation. This final consideration, then, tilts the balance decidedly in favor of Plaintiff's request for joinder and remand, so that any state-law issues that are common to the claims against Cintas and Continental Interiors may be addressed and resolved within a single proceeding.

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 19, 2011 motion to remand for lack of diversity (docket #21) is GRANTED.


                         s/Gerald E. Rosen
                         Chief Judge, United States District Court

Dated: July 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 6, 2011, by electronic and/or ordinary mail.

                         s/Ruth A. Gunther
                         Case Manager